SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
ILA C. DEISS, NY SBN 3052909
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7124
FAX: (415) 436-7169

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OUSSAMA MANNAA, SHIRLEY AZZGHAYER, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary, Department of Homeland Security; ROSEMARY MELVILLE, District Director, USCIS San Francisco District Office; EMILIO T. GONZALEZ, Director, USCIS; ALBERTO GONZALES, Attorney General, Department of Justice, <br><br> Defendants. | No. C 07-4504 WHA <br><br> **ANSWER** |

Defendants hereby submit their answer to Plaintiffs' Complaint for Mandamus.

## I. INTRODUCTION

The initial unnumbered paragraphs consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations in these paragraphs.

## II. PARTIES

1. Defendants admit the allegations in Paragraph One; however, Defendants are without sufficient information to admit or deny Plaintiffs' residence.

ANSWER
C07-4504 WHA                                    1

2. Defendants admit the allegations in Paragraph Two; however, Defendants are without sufficient information to admit or deny Plaintiffs' residence

3. Defendants admit the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants deny the allegations in Paragraph Six. Peter Keisler is the acting Attorney General of the United States.

### III. JURISDICTION

7. The allegations in Paragraph Seven consist solely of Plaintiffs' characterizations of lawsuit for which no answer is necessary, but insofar as answers may be deemed necessary, the allegations in Paragraph Seven are denied.

8. Paragraph Eight consists of Plaintiffs' allegation regarding jurisdiction, to which no responsive pleading is required.

9. Paragraph Nine consists of Plaintiffs' characterization of this action for which no answer is necessary.

10. Paragraph Ten consists of Plaintiffs' characterization of this action for which no answer is necessary.

### IV. VENUE

11. Paragraph Eleven consists of Plaintiffs' allegations regarding venue, to which no responsive pleading is required.

### V. EXHAUSTION OF REMEDIES

12. Defendants deny that Plaintiffs have exhausted their administrative remedies. Defendants are without sufficient information to admit or deny whether Plaintiffs and their attorney have inquired about the applications.

### VI. REMEDY SOUGHT

13. Paragraph Thirteen consists of Plaintiffs' characterization of this action for which no answer is necessary.

14. Paragraph Fourteen consists of Plaintiffs' characterization of this action for which no

ANSWER
C07-4504 WHA                                2

answer is necessary.

## VII. STATEMENT OF FACTS

15. Defendants admit the allegations in Paragraph Fifteen.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants are without sufficient information to admit or deny the allegations in Paragraph Seventeen.

18. Defendants are without sufficient information to admit or deny the allegations in Paragraph Eighteen.

19. Defendants admit that Plaintiffs were married on August 29, 2003; however, Defendants are without sufficient information to admit or deny the birth of their child.

20. Defendants deny the allegations in Paragraph Twenty. The petition for alien relative (Form I-130) was filed on December 15, 2003.

21. Defendants deny the allegations in Paragraph Twenty-One. The adjustment of status to lawful permanent residence application (Form I-485) was filed on December 15, 2003.

22. Defendants admit that Plaintiffs' fingerprints were taken on July 8, 2004 and March 28, 2006. Defendants are without sufficient information to admit or deny the other dates.

23. Defendants admit that Plaintiffs were interviewed on September 22, 2004.

24. Defendants deny the allegations in Paragraph Twenty-Four. Plaintiffs' I-130 was approved on October 1, 2004.

25. Defendants deny the allegations in Paragraph Twenty-Five. The case was continued for FBI name checks and for further review regarding Plaintiff Mannaa's non-compliance with NSEERS registration.

26. Defendants admit the allegations in Paragraph Twenty-Six.

27. Defendants admit the allegation that Plaintiff Mannaa's application has been pending since June 24, 2004.

## VII. CAUSE OF ACTION

28. Defendants deny the allegations in Paragraph Twenty-Eight. The I-130 visa petition has been adjudicated.

29. Defendants admit the allegations in Paragraph Twenty-Nine; however, Plaintiff Mannaa's application is also pending for NSEERS registration.

30. Defendants deny the allegations that the I-130 remains pending.  The remaining allegations in Paragraph Thirty consists of Plaintiffs' characterizations of the lawsuit for which no answer is necessary.

31. Paragraph Thirty-One consists of Plaintiffs' characterizations of the lawsuit for which no answer is necessary.

32. Paragraph Thirty-Two consists of Plaintiffs' characterizations of the lawsuit for which no answer is necessary.

33. Defendants deny the allegations in Paragraph Thirty-Three.  Plaintiff Mannaa applied and was issued three employment authorization cards, and he is eligible to apply for advance parole.

34. Defendants admit the allegation regarding the filing fees; however, the remaining allegations consists of Plaintiffs' characterizations of the lawsuit for which no answer is necessary.

35. Paragraph Thirty-Five consists of Plaintiffs' characterizations of the lawsuit for which no answer is necessary.

36. Paragraph Thirty-Six consists of Plaintiffs' characterizations of the lawsuit for which no answer is necessary; however, to the extent a response is deemed necessary, the Defendants deny the allegations in Paragraph Thirty-Six.

## VII.  PRAYER FOR RELIEF

37. Paragraph Thirty-Seven consists of Plaintiffs' prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

## FIRST AFFIRMATIVE DEFENSE

The court lacks jurisdiction over the subject matter of this action.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

No acts or omissions by the United States or its employees were the proximate cause of any

injury or damages to the Plaintiffs.

**FOURTH AFFIRMATIVE DEFENSE**

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiffs, dismissing Plaintiffs' complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: November 2, 2007     Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

___/s/___
ILA C. DEISS
Assistant United States Attorney
Attorneys for Defendants